May it please the Court, my name is Don Mixon and I represent Adrian Justice Templeton in this case. Your Honors, if I could suggest one fact which I believe is critical to the determination of this case, it would be this. The nature of the error that we claim here was not, in contrast to many other cases that government decided and that we have acknowledged in brief, was not a question upon which reasonable minds, reasonable legal minds could differ. The advice, the error, the deficiency of counsel that we complain of in this case was that she was flat wrong on a question of law. In view of that, the nature of that error set up false, if you will, parameters for decision making by Mr. Templeton. What was the error? The error, Judge, was that the sentence, effectively the minimum sentence that he faced, was 160 months. In fact, the minimum sentence he faced, and I think this is undisputed, it's the sentence he got, was 190 months. So he wouldn't have entered the plea if he had known that. He would have said, let's go to trial. Well, he might have, Your Honor, but I think that's not dispositive for this reason. Isn't it essential? Doesn't he have to enter some proof? Doesn't he have to allege and enter some proof that had he known that he was facing 190 months, he would have taken 160 months? I think it's in the record, Your Honor, in this way. Where is that? Where is that please? Well, it's in the record in the facts of the case. And here's why I say that. The question of whether he- I'd be much happier if you say E-R and a number. He does say, and I acknowledge he says, in the record. Where? It's cited in our brief, it's cited in the government's brief, and it's in Judge Stewart's opinion. He claims, first of all, with regard to the allegation, he claims that the ineffective assistance, the faulty advice, was the basis upon which he withdrew the plea. That's the claim that's made. When he's asked about that in deposition- He claims that his counsel- They had a 120-month deal, and the judge was ready to say, well, I'll accept that plea. And the prosecution said, we won't appeal it. And counsel read the referendum or the initiative in a way that it was 160. Correct. Quite apart from the fact that even if they had agreed at 120, we have jurisprudence in this court and elsewhere across the country, that even an illegal sentence can be the basis for a plea agreement, right? Yes, sir. So that was a mistake, but that's not urged by anybody in this case. Well, it is- Where is the allegation in the habeas petition that had he known that it was 160, that 190 months maximum, he would have taken a 160-month plea? That is not specifically stated in those terms. Isn't that the end of the case? No, sir, I think not. There's no prejudice under Strickland. I think it isn't, and here's the reason. There are two questions under Strickland that have to be addressed here. And in the context of pleas, the first question concerns, was there a deficiency? Was there an error? Was there something below a reasonably competent standard that counsel did? All right. And I think here it's clear- We want you to go to number two, because it's number two that seems to be missing. The Supreme Court has made it clear we can all go to number two if that's the easier way to resolve the case. What I would submit, Judge Baya, is that under this circuit's authority, and I point to- Under the record in this case, what this man was saying was that he thought his attorney had gotten some good evidence,  not one word is said. Had she told me there was 190 months, I would have taken 160. I would agree with that. That's correct. But here's why I don't think it ends the case. Under Hill, the case that we all agree at first tried, the Strickland standard, in the context of pleas, and on the cases the Supreme Court cites in that opinion, you look to the nature of the error that's complained of. If our error that we were complaining of here was my counsel told me that things were looking good and she was wrong, anybody should have known she was wrong, then the evidence you cite would be the end of the case. I agree. The problem here, and the reason I point to precedent, is I think this case is more like the Alvarez case versus Tautemez, which is cited in the brief, and the case of the Day case, which is also cited in the brief. When you have an error of law that is just flat wrong, in Alvarez, the error that was made was that the petitioner's counsel failed to tell him that he had the right, as he did have, to withdraw his plea, and his co-defendant, who had litigated suppression, had won on the same facts and with the same judge. So that the inference was, if he had withdrawn his plea as he had the right to do, his case would have been dismissed, as his co-defendant's was. It's an error of law. The prejudice the court held in that case was manifest. Where is the prejudice here? The prejudice here is straightforward. This plea was rejected in April of 1996. Had he taken the deal, he'd be out now. But, and this is what we're all trying to get to, there is nothing whatsoever, and not even an allegation, that suggests that if he'd known it was a 190 rather than 160, he would have kept the 120 deal. And if we don't have that piece, I don't find any prejudice. Unless you can explain to me where the prejudice is. Because if he rejects the 120 deal. Yes, sir. It doesn't matter whether the attorney's right about 160 or 190. Because he's still rejecting the deal. What I can point to in the record, Judge Clifton, and perhaps this addresses your question as well, Judge Bea, and it is, I think, the best I can do here, is to say that throughout this record, he was principally concerned with the time that he was going to serve. Even in the deposition, which is the language that the court points to and the state points to, he does say that it was partly his idea to withdraw the plea and partly not. And he goes on to discuss the quality of the plea he was offered and the amount of time that he was going to have to serve pursuant to it. My argument here, and I acknowledge that is not the most direct statement of the claim, but my argument here is that in view of the nature of the error, the prejudice, which is the fact that he lost 70 months from his potential benefit, is patent on the face of the record. I would reserve the balance of my time. May it please the Court. Yuli M. Yu for the superintendent. It is indeed essential that the petitioner establish that he would have taken the 120-month deal. And in this case, there are a number of facts to the contrary, in addition to those cited by the court. He strongly believed that he was innocent. He continually maintained his innocence. And by his own admissions during the post-conviction proceedings,  he withdrew his plea to the 120-month sentence because he wanted to establish his innocence. He said that people had claimed that he had done things that he did not do. He was willing to take a lie detector test. He was so strongly opposed to the 120-month sentence, he believed that 120 months was simply too much time for what he had done and because this was his first time going to prison. Other than that, I'll rest on my brief, unless the Court has any questions. Apparently not. Okay. Thank you. I have one thing to say in response, Your Honors, and that's this. This is the same man who had already pled guilty to these offenses. And however much he may, at the time of his deposition, protest innocence, he had also, and the record shows, acknowledged guilt. So I submit that on this record, the causation, as opposed to the prejudice, the causation of the ineffectiveness was a legal error. And in view of that, and under Hill, you look first to the nature of the error to determine the kind of prejudice that you need to find. Where the error is one of law, the prejudice, I would submit, is essentially, as I say, the fact that the consequences flowed to him. He would have been out today. Thank you. Thank you. Thank you for the argument. The case just argued is submitted. That concludes the morning's calendar. We are adjourned.
judges: Farris, Clifton, Bea